**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KAREN MEDINA,

     Plaintiff - Appellant,

v.

JOHN E. POTTER, Postmaster
General of the United States Postal
Service, a federal agency,

     Defendant - Appellee.

No. 02-1472

(D.C. No. 01-B-1136 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **McKAY**, and **McCONNELL**, Circuit Judges.

     This is an action for prospective and retroactive relief pursuant to Title VII

of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 alleging

discrimination based on disability, race, and gender. Appellant was an employee

of the United States Postal Service from September 1985 through August 1999.

On April 29, 1999, Appellant's supervisor requested that Appellant be removed

from her position because of excessive absences. Appellant contacted an EEO

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counselor on three[1] separate occasions alleging disability, race, and gender discrimination. Appellant first contacted her EEO counselor on June 14, 1999, alleging disability, race, and gender discrimination and retaliation for filing a worker's compensation claim. On June 28, 1999, USPS formally proposed to remove Appellant. On July 12, 1999, Appellant contacted her EEO counselor again alleging that she had been informed that she would be removed, was denied an identification badge, and received an incorrect paycheck.

On August 4, 1999, the parties participated in Redress Mediation. Appellant alleges that the parties drafted and executed a "Last Chance Agreement" which would allow her to return to work and that Appellee breached the Agreement by not reinstating her as promised. Appellee disputes that the Agreement was executed because it was never signed. The district court did not make a specific finding on this issue. On September 10, 1999, Appellant again went to an EEO counselor complaining of discrimination based on race, disability, gender, and retaliation. She also alleged that she was not allowed to complete the Agreement. Appellant formalized her complaints on December 26, 1999.

On February 3, 2000, USPS issued a decision which consolidated the three cases for investigation. The following issues were accepted for investigation: (1)

---

[1]Appellant contacted her EEO counselor on a fourth occasion (August 13, 1999) not subject to this appeal.

Appellant was allegedly not allowed to return to work from November 17, 1998, through June 2, 1999; (2) on June 28, 1999, she was allegedly denied a time card and an identification badge, received an incorrect paycheck, and was told that she would be removed from her employment; and (3) on August 4, 1999, she allegedly received an incorrect paycheck, was escorted out of the workplace, had her identification badge confiscated, and was removed from her position at USPS. Aplt. App. at 104-05. The consolidation decision specifically stated that "[i]f you do not agree with the defined issue(s), you must state your objections, in writing, within seven (7) calendar days of the date on which you received this letter." Id. It is undisputed that Appellant did not file an objection to the stated issues.

Pursuant to the investigation of the consolidated complaint, USPS sent Appellant its first request for an affidavit on March 27, 2000. This request again stated the consolidation decision's defined issues as the only accepted issues for investigation. Id. at 112. Appellant asked for and received three extensions of time in which to file her affidavit. On May 31, 2000, with its response to Appellant's third request for an extension, USPS sent Appellant and her attorney PS Form 2465-C ("Agreement to Extend 180-day Investigative Process") and another affidavit request. Both the March 27 and May 31, 2000, affidavit requests specifically state that "this complaint shall be rejected for failure to prosecute if the affidavit is not completed and returned . . . within 15 calendar

days of receipt[ of] this letter." Id. at 112, 118. Appellant and her attorney received the May 31, 2000, notice by certified mail on June 2 and 3 respectively. Appellant and her counsel failed to respond to the May 31 affidavit request, allegedly by mistake. On July 25, 2000, USPS issued a Final Agency Decision dismissing the consolidated case for failure to prosecute. Appellant appealed to the Office of Federal Operations, and the decision was upheld. Appellant sought and was denied reconsideration on March 26, 2001.

On June 20, 2001, Appellant filed suit in the district court for prospective and retroactive relief pursuant to Title VII, 42 U.S.C. § 1981, and the Rehabilitation Act, alleging discrimination based on disability, race, and gender. Appellant also sought relief for breach of contract which was construed as a breach of a Title VII settlement agreement. Appellee filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Relevant to this appeal, the district court held that the breach of a Title VII settlement agreement claim failed because Appellant did not exhaust her administrative remedies by notifying the EEO Director in writing of the alleged breach as required by statute. The remaining Title VII claims failed for lack of exhaustion of administrative remedies because Appellant failed to respond to an affidavit request and as untimely. The court granted Appellee's motion to

dismiss.[2]

The issue on appeal is whether the district court erred in dismissing Appellant's case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction for failure to exhaust her administrative remedies prior to filing suit. We review *de novo* the district court's dismissal for lack of subject matter jurisdiction and the findings of jurisdictional fact for clear error. McBride v. Citgo Petroleum Corp., 281 F.3d 1099, 1104-05 (10th Cir. 2002).

Appellant argues that the district court erred in upholding USPS's dismissal of her complaint for failure to timely provide a sworn affidavit pursuant to 29 C.F.R. § 1614.108(c). The district court reviewed the evidentiary materials submitted by both parties and specifically found that Appellant failed to exhaust her administrative remedies. The court stated that

> despite being granted three deadline extensions to comply with the investigator's requests, [Appellant] failed to complete and return an affidavit to the investigator. I am convinced [she] had notice that her EEO case would be rejected if she did not comply in time with the affidavit requests.

Aplt. App. at 47. Our review of the record reveals that Appellant was on notice from both the March 27 and May 31, 2000, affidavit requests that "this complaint

---

[2]The district court's holdings that Appellant's § 1981 and state claims should be dismissed because Title VII is the exclusive remedy for discrimination in federal employment and that the United States did not waive sovereign immunity with regard to the breach of contract claim are not before us on appeal.

shall be rejected for failure to prosecute if the affidavit is not completed and returned . . . within 15 calendar days of receipt[ of] this letter." Id. at 112, 118. Despite these notices and the three granted extensions, Appellant failed to respond to the affidavit requests or alternative agreement to extend the investigative process. Based on this record, we cannot hold that the district court clearly erred in its determination that Appellant failed to exhaust her administrative remedies by not responding to the final affidavit request. See McBride, 281 F.3d at 1106 ("[T]he district court's legal conclusion of failure to exhaust is supported by an explicit finding of a failure to cooperate on [the plaintiff's] part.").

Appellant also argues that the district court erred in dismissing her breach of a Title VII settlement agreement claim for failure to exhaust administrative remedies. The district court based its holding on Appellant's failure to notify the EEO Director of non-compliance as required by 29 C.F.R. § 1614.504(a). Appellant asserts that she noticed her EEO counselor of her breach of the settlement agreement claim in her third EEO complaint on September 10, 1999. Appellant further argues that the alleged notice to the EEO counselor was enough to notice the EEO Director as required by 29 C.F.R. § 1614.504(a). We need not reach this question because Appellant's alleged notice to her counselor was deficient.

Appellant's argument that she gave adequate notice to her EEO counselor of the alleged breach of the settlement agreement is unpersuasive. Our review of the record reveals that the September 10, 1999, complaint was ambiguous at best. The first line of text begins: "8-4-99 thru 8-5-99 had redress meeting we agreed to last/chance agreement but was not givin [sic] it . . . ." Aplt. App. at 102. However, the rest of the two-page complaint is best read as a description of why Appellant was reinstating her Title VII claims when she had originally agreed to dismiss them. See id. at 103. The last line sums it up best when Appellant states that "I was removed wrongfully." Id. at 103. Based on the September 10 complaint, USPS never had notice that Appellant was raising a breach of a settlement agreement claim. Therefore, it necessarily follows that the district court did not clearly err in dismissing the settlement agreement claim.

**AFFIRMED.**

Entered for the Court


Monroe G. McKay
Circuit Judge